Kenneth J. Shea
    vs.     No. 91578.
F. W. Woolworth Company

July 19, 1934.

FROST, J. Heard on plaintiff's and defendant's motions for new trial after verdict for plaintiff in the sum of $600.

This is an action in assumpsit to recover damages resulting from defendant's breach of its implied warranty to sell to the plaintiff candy free from foreign substances.

There was evidence tending to prove that plaintiff purchased some hard candies, commonly called Lincoln Balls, in a store of the defendant corporation. While eating or sucking one of the candies, some portion of plaintiff's mouth or gum was pricked, as he testified, by the point of a small tack, the greater part of which was imbedded in the candy itself. There was evidence that an infection resulted from this pricking of the tack point.

Plaintiff has filed a motion for new trial on the ground that the damages awarded are inadequate, while the defendant has filed a motion on the sole ground that the damages are excessive.

The plaintiff is a man twenty-four years of age. The incident which is the basis of this suit occurred on Saturday, March 25, 1933. On Monday he consulted a physician who saw him some twenty-two times and then on April 11th, as there was considerable swelling and plaintiff was experiencing pain, sent him to a nose and throat specialist. The latter referred Shea to a dentist who extracted a tooth and gave the plaintiff relief.

The total medical expense which the jury could allow the plaintiff under the instructions of the Court was $100.

Dr. Berger testified that a tooth to replace the one extracted would cost from $20 to $100.

At the time of the purchase of the candy by the plaintiff, the latter had not worked for a period of two weeks and from his testimony it would seem probable that he would have had little work in the period from March 25

to May 1, when he said that he was unable to work. Indeed, it is not clear why he should not have been able to work after the tooth was extracted, if there had been work to do.

Considering the various elements of damage mentioned together with that of pain and suffering, the Court's judgment is that $450 represents the maximum amount which the jury could properly award upon the evidence submitted to it and upon the instructions given it by the Court.

Plaintiff's motion is denied.

Defendant's motion is denied if within five days plaintiff remit all of the verdict in excess of $450.00. If such remittitur be not filed, defendant's motion is granted, such new trial to be solely on the question of damages.

For plaintiff: Max Winograd, Esquire.

For defendant: Messrs. Pettine, Godfrey & Cambio.